IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WENDY RACHILLE FOLKER,<br><br>    Petitioner,<br><br><br><br><br><br><br><br>        vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br><br>Civil Case No. 2:05-CV-385 TS<br><br>Criminal Case No. 2:03-CR-112 TS |

Petitioner Wendy Rachille Folker brings a Motion to Reduce or Vacate Sentence pursuant to 28 U.S.C. § 2255. Petitioner is proceeding *pro se* in the matter but has also applied for appointment of counsel to assist with her § 2255 Motion. The Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255, and denies the Motion. The Court also finds that because her Motion is denied, Petitioner's Motion for appointment of counsel issue is moot.

On February 12, 2003, Petitioner was charged in a four-count indictment with Possession of a List I Chemical (two counts), Possession of a List II Chemical (one count) and Possession of

1

Methamphetamine with Intent to Distribute (one count).[1]  Petitioner pleaded guilty on January 9, 2004, to Counts I through IV.  In the Plea Agreement, Petitioner waived her right to appeal or collaterally attack the sentence.  A presentence report was prepared and Petitioner was sentenced on May 6, 2004, to a low-end sentence of 210 months incarceration, followed by supervised release for a term of 48 months.

DISCUSSION

In her Motion, Petitioner argues that her sentence should be reduced because: 1) she was denied the right to appeal; 2) her attorney provided ineffective assistance of counsel; 3) the sentence imposed is a violation of her Sixth Amendment rights in light of *Blakely v. Washington*[2] and *United States v. Booker*[3]; and 4) the court failed to adequately take into account the factors set forth in 18 U.S.C. § 3553(a).  Petitioner also requests appointment of counsel.  The Court will address each issue, in turn.

## I. STATUTE OF LIMITATIONS

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed.  Petitioner's judgment was entered on May 6, 2004, and Petitioner's § 2255 Motion was filed on April 27, 2005, within the one-year limitations period set by 28 U.S.C. § 2255(1).

---

[1] Case No. 2:03-CR-00112 TS, Docket No. 1.

[2] 540 U.S. 965 (2004).

[3] 125 S.Ct. 738 (2005).

II. <u>DENIAL OF RIGHT TO APPEAL</u>

In the plea agreement, dated January 9, 2004, Petitioner waived both her direct and collateral appeal rights as follows:

> Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concessions and commitments made by the United States in this plea agreement, I knowingly and voluntarily waive my right to appeal any sentence imposed upon me, and the manner in which the sentence was determined, on any of the grounds in 18 U.S.C.§ 3742, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final sentencing guideline range determined by the court.
> I also knowingly and voluntarily waive my right to challenge my sentence, and the manner in which the sentence was determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[4]

In exchange for Petitioner's plea of guilty and the waiver of her direct and collateral appeal rights, the government agreed to: 1) recommend a three step reduction for acceptance of responsibility; and 2) recommend sentencing at the low end of the guideline range found applicable.

A. <u>Legal Standard</u>

The Tenth Circuit has long recognized that a defendant should be strictly held to the terms of a lawful plea agreement.[5] The Tenth Circuit has consistently held that waivers as part of a plea agreement are generally enforceable, both under direct appeal and collateral attack, as long

---

[4] Plea agreement at 3. Paragraph 7 further sets forth that, if the government were to appeal the sentence, Peitioner would be released from her appeal waiver. The Court notes that the government has not filed an appeal, and the time for direct appeal has passed.

[5] *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (internal citations omitted) ("This court will hold a defendant to the terms of a lawful plea agreement").

3

as they are made knowingly and voluntarily.[6]  Therefore, a collateral appeal waiver is enforceable if it is: 1) expressly stated in the plea agreement; and 2) both the plea and the waiver are knowingly and voluntarily made.

### 1.  Expressly Stated

The express language of the plea agreement, quoted above, provides that Petitioner "knowingly and voluntarily waive[d her] right to challenged [her] sentence, and the manner in which the sentence was determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."  Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought – § 2255.  The Court detects no ambiguity whatsoever in the language.  Therefore, the Court finds that the collateral appeal waiver is "expressly stated in the plea agreement."[7]

### 2.  Knowingly and Voluntarily Made

To be considered valid and enforceable, both the plea of guilty and the collateral attack waiver must also be "knowingly and voluntarily made."[8]  Fed. R. Crim. P. Rule 11 establishes certain procedures for the entry of a guilty plea, and requires the Court to conduct a colloquy directly with the defendant to ensure that, among other things, a plea agreement and resulting plea are entered into voluntarily and knowingly by a defendant.

---

[6] *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001).

[7] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[8] *Id*.

4

The Court conducted such a colloquy with Petitioner on January 9, 2004, and made several findings.  First, the Court found the Petitioner fully competent and capable of entering an informed plea; second, that the plea was entered knowingly and voluntarily; third, Petitioner knew her rights and waived them; and fourth, that she was aware of the nature of the charges and the consequences of the plea.

Further, in the written plea agreement, Petitioner signed her name beneath the following statements, among others:

> "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea . . . I have discussed this case and this plea with my lawyer as much as I wish to.  I am satisfied with my lawyer.  My decision to enter this plea was made after full and careful thought, with the advice of counsel, with a full understanding of my rights, with a full understanding of the facts and circumstances of the case and with a full understanding of the consequences of the plea.  I was not under the influence of any drugs, medications or intoxicants when the decision to enter the plea was made, and I am not now under the influence of any drugs, medications or intoxicants.  I have no mental reservations concerning the plea . . . "

Considering the above, the Court finds that both Petitioner's plea of guilty and her collateral appeal waiver were "knowingly and voluntarily made."[9]

Having found that the collateral appeal waiver was expressly stated in the plea agreement, and was knowingly and voluntarily made, the Court finds that the waiver is valid and enforceable.

_____

[9] *Id.*

B.  Claims Which may Survive Waiver

Plea agreements are susceptible to certain exceptions, such as the plea was not made knowingly or voluntarily, the court relied on an impermissible factor such as race or the petitioner was denied effective assistance of counsel.[10]  However, once it has been established that Petitioner entered into the express waiver knowingly and voluntarily, the appeal must be dismissed unless Petitioner can demonstrate that one of those exceptions apply.[11]  As ineffective assistance of counsel is the only possible remaining applicable exception, the Court limits discussion to that issue.

1.  Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for Courts to employ in making a determination of ineffectiveness of counsel.[12]

> To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance falls below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.[13]

To successfully claim ineffective assistance, then, Petitioner must show two things: first, that her counsel functioned deficiently by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[14]  Second, she must show

---

[10] *Elliot*, 264 F.3d at 1173.

[11] *Atterberry*, 144 F. 3d at 1300.

[12] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[13] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 688).

[14] *Strickland*, 466 U.S. at 687.

that counsel's deficient functioning prejudiced Petitioner's defense in that "counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable.[15]  Without both of these showings, Petitioner may not prevail in arguing that her conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[16]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of her counsel at the time he or she rendered the legal services, not in hindsight.[17]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[18]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[19]

Petitioner's ineffective assistance claims are general statements that fail to adequately rebut the presumption of effective assistance.  She states that counsel did not "help Petitioner in the process of her case" but fails to cite specific issues.[20]  She disagrees with the length of sentence, rather than how counsel handled her case.  Petitioner asserts that counsel did not help her "look for a lower sentence."  She claims counsel did not object to the quantity of the chemicals upon which her sentence was based.  However, Petitioner pleaded guilty to possession of five or more grams of methamphetamine and the sentence was based, in large part, on this

---

[15] *Id*.

[16] *Id*.

[17] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[18] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[19] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[20] Motion at 5.

7

admission.  Petitioner also claims that counsel did not take into account that her criminal history consisted largely of misdemeanors.  However, an examination of the record indicates that counsel argued for, and was granted, a downward departure in criminal history category based on over-representation of criminal history – precisely what Petitioner claims her counsel overlooked. Thus, Petitioner's sentence was computed with a criminal history category of V rather than VI. Further, as previously stated, Petitioner signed a plea agreement indicating satisfaction with her lawyer.

In order to invalidate a § 2255 waiver due to ineffective assistance of counsel, a petitioner must show that he or she was denied effective assistance of counsel with respect to the plea agreement, rather than challenging the correctness of sentencing.[21]

Petitioner entered into a plea agreement containing a § 2255 waiver.  She does not attack the validity of either the agreement or the waiver, nor does she claim ineffective assistance of counsel in preparing the agreement.  Further, she does not offer any evidence demonstrating ineffective assistance of counsel in preparing the agreement.  Therefore, the Petitioner's claim is barred and the § 2255 waiver contained in the plea agreement is valid and binding.

Petitioner fails to show that her counsel functioned below the level guaranteed by the Sixth Amendment.  She cites no supportable or specific evidence that her lawyer mishandled her case.  Further, she does not attack the effectiveness of her counsel in preparing her plea agreement.  Therefore, Petitioner's ineffective assistance of counsel claim is without merit.

---

[21] *Cockerham*, 237 F.3d at 1187.

III.  <u>SIXTH AMENDMENT RIGHTS</u>

As stated above, Petitioner's appeal is barred by the plea agreement.  The Court also notes, however, that Petitioner's Motion fails on the merits as well.  Petitioner argues that her constitutional rights were violated in light of *Booker* and because the Court did not consider the factors set out in 18 U.S.C. § 3553(a).  However, *Booker* does not apply here and the Court did, in fact, consider the § 3553(a) factors in sentencing.

a.  <u>*BLAKELY/BOOKER* ISSUES</u>

_____Petitioner argues that the Supreme Court decisions in *Blakely* and *Booker* control in this case.  She argues that the Court's findings resulted in an increase in Petitioner's criminal history category and offense level under the United States Sentencing Guidelines.  These findings were based on facts admitted by Petitioner and reflected in the Indictment.

This motion is a collateral attack on the outcome of Petitioner's case.  *Booker* does not apply to cases on collateral appeal.  The Supreme Court held that *Booker* only applies "to all cases on direct review."[22]  However, even if the Court found *Booker* to apply to this collateral appeal, the Court would find that *Booker* would not afford the relief sought, as there was no Sixth Amendment violation and the sentence imposed was reasonable.

The Tenth Circuit has specifically considered this issue and ruled squarely "that *Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[23]  The Tenth Circuit has also held that *Booker* is not retroactive.[24]

---

[22] 125 S.Ct at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[23] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

[24] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

Petitioner's case was final by June 24, 2004, therefore, the Court finds that neither *Booker* nor *Blakely* applies.

        b.  <u>U.S.C.§ 3553(a) FACTORS</u>

     The Tenth Circuit held that U.S.C. § 3553(a) factors have "a new vitality in channeling the exercise of sentencing discretion" in the wake of *Booker*.[25]  Section § 3553(a) lists the factors to consider, in relevant part, to be:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[26]

These factors allow the Court to depart from the sentencing guidelines in light of "the personal mitigating circumstances of the defendant."[27]  Most of the cases involving § 3553(a) analysis involve sentences that are either upward departures from the guidelines or fall at the high end of the guideline range.

     Here, the Court sentenced the Petitioner to the low end of the guideline range, after granting a downward departure in criminal history category because of over-representation of

---

[25] *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005).

[26] 18 U.S.C. § 3553(a)

[27] *United States v. Taylor*, 413 F.3d 1146, 1156 (10th Cir. 2005).

criminal history.  Under the original criminal history charged, the guideline range would have

been 235-293 months.  Defense counsel argued for downward departure based on other factors

that fall under the § 3553(a) umbrella, such as physical condition and minor participant status.

The Court declined to grant a departure based on those factors.  Therefore, the Petitioner does not

demonstrate that the Court did not consider the § 3553(a) factors, and the record clearly reflects

that the Court did, in fact, weigh these factors in determining the reasonable sentence.

Therefore, Petitioner's claim that the Court did not consider § 3553(a) when imposing

sentence is without merit.

## IV.  APPOINTMENT OF COUNSEL

Plaintiff has no constitutional right to counsel.[28]  However, the Court may in its discretion

appoint counsel.[29]  "The burden is upon the applicant to convince the court that there is sufficient

merit to his claim to warrant the appointment of counsel."[30]

When deciding whether to appoint counsel, the district court should consider a variety of

factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the

claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by

the claims.'"[31] Considering the above factors, the Court concludes here that (1) the issues in this

case are not complex, and (2) Plaintiff is not incapacitated or unable to adequately function in

---

[28] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[29] *Carper* 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[30] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[31] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

pursuing this matter.  In addition, because the Court has found that the underlying claims of this Motion have no merit, appointment of counsel is rendered moot.  Thus, the Court denies Petitioner's Motion for appointed counsel.

<u>CONCLUSION</u>

Therefore, the Court, finds that Petitioner waived her right to appeal or raise a § 2255 claim.  In addition, she was rendered effective assistance of counsel and suffered no violation of her Sixth Amendment rights.  As the Court finds that Petitioner's underlying claims have no merit, the Court will not appoint counsel to assist with this Motion as this issue is moot.

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED; it is further

ORDERED that Petitioner's Motion for Appointment of Counsel in this matter is DENIED; it is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of the Court is directed to close this case forthwith.

SO ORDERED.

DATED this 25th day of October, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge

12