IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WENDY RACHILLE FOLKER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO SET ASIDE<br><br><br><br>Case No. 2:05-CV-385 TS |

This matter comes before the Court on Petitioner's Motion to Set Aside. Petitioner seeks to set aside the Court's Memorandum Decision and Order denying her § 2255 Petition. The Court finds Petitioner's Motion to be true motion under Rule 60(b) and, for the reasons discussed below, it will be denied.

I.  BACKGROUND

On February 12, 2003, Petitioner was charged in a four-count indictment with Possession of a List I Chemical (two counts), Possession of a List II Chemical (one count) and Possession of Methamphetamine with Intent to Distribute (one count). Petitioner pleaded guilty on January 9, 2004, to Counts I through IV. In the Plea Agreement, Petitioner waived her right to appeal or

collaterally attack the sentence. A presentence report was prepared and Petitioner was sentenced on May 6, 2004, to a low-end sentence of 210 months incarceration, followed by supervised release for a term of 48 months.

Petitioner filed a § 2255 Motion asserting that her sentence should be reduced because: 1) she was denied the right to appeal; 2) her attorney provided ineffective assistance of counsel; 3) the sentence imposed is a violation of her Sixth Amendment rights in light of *Blakely v. Washington* and *United States v. Booker*; and 4) the court failed to adequately take into account the factors set forth in 18 U.S.C. § 3553(a). The Court denied Petitioner's Motion on a number of grounds.

In relation to her § 2255 Motion, Defendant had requested the right to appear *in forma pauperis* and requested sentencing transcripts. The Court granted Petitioner's request and directed Petitioner to contact the court reporter for copies of transcripts. When the Court denied Petitioner's § 2255 Motion, the Court vacated its previous order allowing Petitioner to proceed *in forma pauperis*.

Petitioner filed her Motion to Set Aside, arguing that the Court's Order on her § 2255 Motion should be set aside because she did not have access to transcripts and court documents. The Court construes this Motion as one under Fed.R.Civ.P. 60(b).

## II. DISCUSSION

The Tenth Circuit has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1] The Court must

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[2]

A Rule 60(b) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[3] "Conversely, it is a 'true' 60(b) motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."[4] The Tenth Circuit has stated that "[i]f the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion.[5]

The Court finds Petitioner's Motion to be a true 60(b) motion as it attacks an alleged defect in the integrity of the habeas proceeding.[6]

> Rule 60(b)(6) . . . is a catchall provision, allowing relief from judgment for any other reason justifying relief. . . . Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a

---

[2]*Id*.

[3]*Id*. at 1215.

[4]*Id*. at 1215-16.

[5]*Id*. at 1217.

[6]See *United States v. Morales–Morales*, 222 Fed. Appx. 796, 797 (10th Cir. 2007) ("To the extent he claims he failed to receive pertinent transcripts in time to prepare his first § 2255 motion, we conclude the district court correctly characterized Mr. Morales' motion as a 'true' Rule 60(b) motion.") (citation omitted)).

3

substitute for an appeal. Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief.[7]

Petitioner's Motion fails to show extraordinary circumstances warranting the setting aside of the Court's order on her § 2255 Motion. Petitioner complains broadly about not having access to particular court transcripts and documents, but does not identify which transcripts and documents these are or how they would have assisted her in preparing her § 2255 Motion. Without this information, the Court cannot say that they failure to obtain these documents offends justice. Further, any alleged error in not providing these documents could have been raised on an appeal from the Court's order, which Petitioner did not seek.[8] Therefore, the Court finds that Petitioner's Motion to Set Aside fails and will be denied.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Set Aside (Docket No. 8) is DENIED.

DATED   September 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation marks and citations omitted).

[8] *United States v. Marizcales–Delgadillo*, 243 Fed. Appx. 435, 440 (10th Cir. 2007) ("Allegations of error that could have been raised on direct appeal generally are not the sort of extraordinary circumstances that entitle a litigant to relief under Rule 60(b)(6).").